```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**ANTHONY D. HARRIS,**

                **Plaintiff,**

      **v.**                              **CASE NO.  11-3160-SAC**

**ROGER WERHOLTZ,**
**KANSAS SECRETARY OF**
**CORRECTIONS, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This pro se civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate who is currently confined at the Norton Correctional Facility, Norton, Kansas (NCF). He mainly seeks money damages based upon injuries he allegedly suffered at two different prisons. Having considered all the materials filed by plaintiff, the court finds that the complaint fails to state a federal constitutional claim against any of the named defendants. Plaintiff is given time to allege additional facts sufficient to state a claim or show cause why this action should not be dismissed.

## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff has filed a motion for leave to proceed without prepayment of fees (Doc. 2). He has attached a statement of his inmate account in support, which indicates that he has insufficient funds to pay either the full filing fee, which is $350.00, or an initial partial fee at this time. Accordingly, the court grants this motion. However, Mr. Harris is forewarned that under 28 U.S.C. § 1915(b) he remains obligated to pay the full $350.00 filing fee

for this civil action. Being granted leave to proceed without fees merely entitles him to pay the fee over time through payments that will be automatically deducted from his inmate trust fund account when funds become available, as authorized by 28 U.S.C. § 1915(b)(2).

**FACTUAL BACKGROUND AND CLAIMS**

As the factual background for this complaint, Mr. Harris alleges as follows.[1] On February 10, 2010, in the dining hall at the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF), a table that was "up" while inmates were cleaning fell over on his back and injured him. He adds elsewhere that he filed a "complaint of damaged equipment in the dining hall" and a notarized "inmate personal injury complaint," which the "administration" received on February 17, 2010. On February 18, 2010, he was transferred from the HCF to the Larned Mental Health Correctional Facility, Larned, Kansas (LMHCF).

Plaintiff further alleges that Dr. Stanton at the HCF "prescribed new medication" for seizures, high blood pressure, and arthritis, as well as for pain "from previous incident." Upon his arrival at the LMHCF the evening of February 18, 2010, "nursing staff in Larned" said his medication had not been sent along with him. Being without his seizure medication, on February 20, 2011, he suffered a seizure while sitting on his bunk. He blacked out, fell forward, and sustained injuries to his head and shoulders.

---

[1]   The court notes that on-line records regarding KDOC offenders indicate Mr. Harris was paroled in May, 2010, but violated parole and was returned to prison in March 2011.

As Count I of his complaint, plaintiff baldly asserts "8th Amendment cruel and unusual punishment" and deliberate indifference, "5th Amendment due process of law", "1st Amendment freedom of speech", and "10th Right of states."  As supporting facts, he refers to the table and his injury in the HCF dining hall, and describes how he was taken to the infirmary and treated.  He also alleges that inmates in the kitchen signed witness statements and that an incident report was generated.

As Count II, plaintiff asserts inadequate medical care, negligence, deliberate indifference, retaliatory transfer" and cites the First, Fifth, Eighth and Fifteenth Amendments.  As facts in support, he alleges that medication for seizures was not available to him upon his arrival at the LMHCF; that "medical staffing" was aware due to his medical records and being advised by him; and refers to his seizure on February 20, 2010.  He again alleges that he was taken to the infirmary, and that an incident report was generated.

As Count III, plaintiff asserts "emotional distress, mistreat (sic) of confined person, pain and suffering, reckless endangerment (sic)," wanton and negligence, and cites the Fifth, Eighth and Tenth Amendments.  In support of this count, he alleges as follows.  He went to the "med line for medication" on the evening of February 18, 2010, and was notified by RN Sherry that his seizure medication prescribed by Dr. Stanton did not arrive with him and that he would have to wait for it.  This put plaintiff under stress because he knew what would happen without this medication.  Plaintiff generally alleges that he sought administrative relief in that he filed a grievance and a personal injury claim.

Mr. Harris seeks damages for pain, suffering, and emotional distress. He also baldly requests an injunction, but does not describe what type of injunctive order he seeks or to whom it would be directed.[2]

**SCREENING**

Because Mr. Harris is a prisoner seeking relief from government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**FAILURE TO SHOW PERSONAL PARTICIPATION OF DEFENDANTS**

In his complaint, plaintiff seeks damages based primarily upon two incidents, which he alleges resulted in personal injury. First, he complains that he was injured from a falling table at HCF. Second, he complains that he was injured during a seizure at the LMHCF. In the caption of his complaint, plaintiff names as defendants: Roger Werholtz, Kansas Secretary of Corrections (SOC); Sam Kline, Warden, HCF; and Karen Rohling, Warden, LMHCF. Elsewhere in his complaint he also lists as defendants the HCF and the "Correct Care Solutions Corp." (CCS) of Hutchinson and the CCS of

---

[2] Emotional consequences of a prior act are not a sufficient basis for injunctive relief, absent a real and immediate threat of future injury by defendant. City of Los Angeles v. Lyons, 461 U.S. 95, 107 n. 8 (1983).

4

Larned.

An essential element of a civil rights claim seeking money damages or other relief based upon the acts of an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants").

Plaintiff's complaint is deficient in that he does not allege facts showing the personal participation of any of the persons he names as defendants in either of the two events described in his complaint. Not one of the defendants is again named in the body of the complaint along with a description of his or her acts or inactions that either directly caused plaintiff's injury in the HCF dining hall or caused him to be denied medication or injured at the LMHCF.

With respect to defendant SOC Werholtz and defendants Warden Kline and Warden Rohling, it appears that plaintiff improperly names these persons as defendants based solely upon their supervisory capacities. To be held liable under § 1983, a supervisor must have personally participated or acquiesced in the complained-of constitutional deprivation. Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a

5

constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). As the U.S. Supreme Court explained in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009):

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Id. (Citations omitted).

Plaintiff's complaint is also deficient because he does not allege sufficient facts to state a claim against those defendants named by him that are not individual persons. The HCF is a prison and not a "person" that can be sued for money damages under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989); Davis v. Bruce, 215 F.R.D. 612, 618 (D.Kan. 2003), *aff'd in relevant part*, 129 Fed.Appx. 406, 408 (10th Cir. 2005)(unpublished).[3] Accordingly, defendant HCF shall be dismissed from this action.

The CCS is a private corporation that makes medical services available to inmates. A corporation acting under color of state law cannot be held liable under a theory of respondeat superior for the actions of its individual employees. Fischer v. Cahill, 474 F.2d 991, 992 (3rd Cir. 1973)(state prison medical department not a "person" under § 1983); Green v. Rubenstein, 644 F.Supp.2d 723, 738 (S.D.W.Va. 2009); Dudley v. Food Service-Just Care, 519 F.Supp.2d 602, 604 (D.S.C. 2007). It can be held liable under Section 1983 only for unconstitutional policies and practices. Plaintiff has not

---

[3] Unpublished opinions cited herein are not cited as binding precedent but for persuasive value only in accord with Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

described any established policy promulgated by the CCS and explained how it was applied to him in a manner that caused his alleged injuries.  Thus, he fails to allege facts sufficient to state a claim against the CCS.

The proper defendant in a civil rights action is the individual person or persons whose acts or inactions can be shown to have actually caused the plaintiff's injuries.  Plaintiff does not name as defendants the persons who actually caused him to be injured in the HCF dining hall or who actually denied his requests for medication at the LMHCF.

Plaintiff is given time to allege sufficient, additional facts to show personal participation on the part of each of the defendants named in the complaint.  If he fails to allege such facts within the time allotted, this action may be dismissed without further notice.

**IMPROPER JOINDER**

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."[4]  Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted).  Under "the

---

[4] FRCP Rule 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants.  Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Id.  FRCP Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

controlling principle" in FRCP Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."  Id.  It also prevents prisoners from "dodging" the fee obligations[5] and the three strikes provisions[6] of the Prison Litigation Reform Act.  Id. (FRCP Rule 18(a) ensures "that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").  Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  Id.

The court finds that plaintiff has improperly joined two unrelated claims in this single complaint.  He cannot litigate a claim based upon an incident that occurred in the dining hall at the HCF and presumably involved persons at the HCF; with another claim based upon an unrelated incident that occurred at the LMHCF and presumably involved different persons at the LMHCF, unless the two incidents were caused by the same person who is named as defendant

---

[5]   28 U.S.C. § 1915(b)(1) and (2) pertinently provide: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Id.

[6]   28 U.S.C. § 1915(g) provides:  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

8

or arose from the same transaction or set of transactions. There is no indication from plaintiff's allegations that these two incidents are sufficiently related or were caused by the same individual defendant.

Plaintiff is given time to notify the court which one of his two unrelated claims he will continue to pursue in this action, and which shall be dismissed from this action as improperly joined. He is not prevented from litigating his improperly joined, unrelated claim, but is simply required to do so in a separate lawsuit. If he fails to comply within the time allotted, this action may be dismissed without further notice.

**FAILURE TO STATE A FEDERAL CONSTITUTIONAL CLAIM**

The court also finds that plaintiff fails to allege facts sufficient to state a federal constitutional claim. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citations omitted); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements

9

of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570 (citation omitted). The court accepts all well-pleaded allegations in the complaint as true. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). Still, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Twombly, 550 U.S. at 558.

Section 1983 "imposes liability for violations of rights protected by the constitution or laws of the United States, not for violations of duties of care arising out of tort law." Archuleta v. McShan, 897 F.2d 495, 496 (10th Cir. 1990). Plaintiff's allegations regarding his injury in the HCF dining hall suggest nothing more than negligence. Negligence is a tort claim that must be litigated in state court. It is not a sufficient legal basis for a federal constitutional claim.

Plaintiff's allegations of denial of medication and injuries during a seizure likewise fail to show a federal constitutional violation. Plaintiff alleges that his "new" seizure medication was delayed upon his transfer to LCMHF, and that a person or persons responsible for providing him with medication at the LCMHF did not take action to see that he was provided with his necessary

10

medication.  These sparse facts, taken as true, are not sufficient to show cruel and unusual punishment or deliberate indifference on the part of any particular person.  Plaintiff does not name as defendant the person who actually failed to obtain and provide necessary medication.  Moreover, he alleges that he was injured after a two-day delay in being provided with seizure medication.  A delay of two days in providing medical care is generally not considered to be a federal constitutional violation.

The Eighth Amendment provides prisoners the right to be free from cruel and unusual punishment.  The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Boyett v. County of Washington, 282 Fed.Appx. 667, 672 (10th Cir. 2008)(unpublished)(citing Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)).  The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991); Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005).  In situations where treatment was delayed rather than denied altogether, the Tenth Circuit has required that the inmate show "substantial harm" as a result of the delay as well as deliberate indifference in order to state an Eighth Amendment violation.  Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001); Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993).

Plaintiff's mere mention of the term "deliberate indifference" is not a statement of plausible facts. He alleges no facts showing that the deprivation of his medication for two days was sufficiently serious or that the defendant or other person who actually failed to fulfill his request for medication acted with a sufficiently culpable state of mind. He also fails to allege facts showing that he was substantially harmed by the brief delay, or that his injury during a seizure was the result of deliberate indifference.

In addition as already noted, the complaint in this case fails to state with the requisite specificity what a particular participating defendant actually did to plaintiff. This deficiency denies defendants the right to fair notice as to the basis of the claims against each of them. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed the plaintiff; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff's claim of retaliatory transfer is deficient because the facts he alleges in support do not establish all the necessary elements. Plaintiff alleges only that a day after he filed a grievance and complaint he was transferred. He does not allege facts indicating that the transfer would not have taken place "but for" a retaliatory motive on the part of a named defendant that ordered his transfer. Nor does he allege facts indicating that the transfer precluded him from completing either the grievance process or his personal injury claim, or that it somehow resulted in the

12

improper denial of his claims.

Plaintiff is given time to cure the deficiencies discussed herein or show cause why this action should not be dismissed. If he fails to adequately respond within the time allotted, this action may be dismissed without further notice.

**OTHER MOTIONS**

The court has considered plaintiff's Motion for Appointment of Counsel. There is no right to appointed counsel in a civil rights action. This motion is denied because it appears that this action will not survive screening.

The court has considered plaintiff's Motion for Production of Documents and finds it should be denied. This discovery-type motion and plaintiff's listing of witnesses therein are premature. Moreover, plaintiff does not show that he has pursued other appropriate means of obtaining the requested documents or that he has followed proper procedures in seeking an order of the court compelling production.

The court has considered plaintiff's filing entitled "Petition to Amend." A plaintiff may amend his complaint once as a matter of right without seeking leave of court. However, when a plaintiff does seek leave of court to amend his complaint, he must attach to his motion a complete amended complaint. See Rule 15, Federal Rules of Civil Procedure. The amended complaint must be upon court-approved forms. A properly amended complaint, upon filing, completely supercedes the original complaint, and therefore must contain every claim and all allegations the plaintiff intends to pursue in the action. Mr. Harris does not state in this motion that

he is amending his complaint. Nor has he attached or submitted a complete amended complaint. Instead, he attaches exhibits of grievances and sick call slips, and very generally states in an attached letter "to whom it may concern" that he is being denied medical treatment at the NCF. He does not include facts such as dates, description of medical needs, and persons involved, sufficient to show an unconstitutional denial of medical treatment at the NCF. This pleading is not a proper amended complaint, which names as additional defendants the persons from whom he has sought medical treatment at the NCF. In any event, a claim based upon events at the NCF would not be properly joined in this action. For all these reasons, this document is not treated as a motion to amend complaint or an amended complaint and is denied as seeking no court action to which plaintiff appears to be entitled at this time.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2) is granted, and pursuant to 28 U.S.C. §1915(b)(1) plaintiff is hereby assessed the full filing fee of $350.00, to be paid over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).[7]

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to allege additional facts sufficient to state a federal constitutional claim against a named defendant and show each

---

[7] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

defendant's personal participation, or show cause why this action should not be dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days to cure the improper joinder of claims in his complaint.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 2), Motion for Production of Documents (Doc. 3), and Petition to Amend (Doc. 5) are denied, without prejudice.

**IT IS FURTHER ORDERED** that this action is dismissed as against defendant Hutchinson Correctional Facility.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge